**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 28, 2012

LETTER TO ALL COUNSEL

Re:  Carlisa Smith o/b/o T.S. v. Michael J. Astrue, Commissioner of Social Security,
Civil No. SAG-11-cv-165

Dear Counsel:

This matter is before me by the parties' consent. (ECF Nos. 3,7). On January 19, 2011, Carlisa Smith, on behalf of her minor daughter T.S., petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14 and 19). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir.1996); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987). I find that no hearing is necessary. Local R. 105.6 (D.Md. 2011). I will GRANT the Commissioner's motion and DENY Ms. Smith's motion. This letter explains my rationale.

Ms. Smith, on behalf of T.S., applied for childhood SSI on November 30, 2007, alleging that T.S. was disabled. Her claim was denied initially, and upon reconsideration. (Tr. 56-64). Because the Appeals Council denied Ms. Smith's request for review, (Tr. 1-4), the October 20, 2009 decision of the Administrative Law Judge ("ALJ") is the final, reviewable decision of the agency.

The ALJ evaluated Ms. Smith's claim using the three-step sequential process set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Smith's claim. At step one, the ALJ found that T.S. had not engaged in any substantial gainful activity at any relevant time. (Tr. 13). At step two, the ALJ found that T.S. suffered from the severe impairments of attention deficit hyperactivity disorder ("ADHD"), major depressive disorder, separation anxiety, and a post traumatic stress disorder. (Tr. 13). At step three, however, the ALJ found that T.S. did not have an impairment or combination of impairments that met any listed impairment. (Tr. 14). Additionally, the ALJ determined that T.S. did not have an impairment or combination of impairments that would be functionally equivalent to any listed impairment. (Tr. 14-23). Therefore, the ALJ determined that T.S. was not disabled for purposes of children's SSI benefits. (Tr. 23).

Ms. Smith argues that the ALJ erred in failing to give controlling weight to the opinion of T.S.'s treating physician, who found that T.S.'s impairments were the functional equivalent of a listed impairment. Functional equivalence is determined by rating a child's abilities with respect

to six "domains": (i) Acquiring and Using Information; (ii) Attending and Completing Tasks; (iii) Interacting and Relating Well With Others; (iv) Moving About and Manipulating Objects; (v) Caring for Yourself; and (vi) Health and Physical Well–Being. Disability is established if the child has an "extreme" degree of limitation in one domain or "marked" limitation in two domains. *See* 20 C.F.R. § 416.926a. T.S.'s treating physician, Dr. Surrinder Kapoor, found that T.S. suffered marked limitations in the second and third domains. Dr. Kapoor found less than marked or no limitations in the other four domains.

A treating physician's opinion merits controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir.1996); *see also* 20 C.F.R. § 404.1527(d)(2). Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented. 20 CFR § 404.1527(d). These factors include the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the extent to which a medical opinion is supported by evidence; the consistency of a medical opinion with the record as a whole; and the specialization of the physician. 20 CFR § 404.1527(d)(1)-(5). Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Issues reserved to the Commissioner are administrative findings – such as determining a claimant's RFC – that are dispositive of a case. *Id*.

In this case, the ALJ's opinion as to the third domain, "Interacting and Relating Well With Others," is clearly supported by substantial evidence. The ALJ found as follows:

> Statements of the claimant's mother reflected that her daughter has fights with her siblings, but she has friends with whom she plays, gets along with her classmates, and gets along with her teachers. The child's first grade teacher confirmed that she has no limitations in this domain. As noted previously herein, Dr. Kapoor opined that the claimant had a marked limitation in this domain, but this is inconsistent with his own treatment notes and with the claimant's reported ability to attend school regularly and get along with teachers and classmates, and with her ability to participate in group sports and in a church choir. School records do not reflect any disciplinary problems. The claimant's reported separation anxiety and post traumatic stress disorder (reportedly stemming from the deportation of her father and death of her grandfather) were no longer symptomatic as of May 2009. The undersigned therefore concluded that the child has no limitations in this domain.

(Tr. 20-21). The ALJ's analysis is corroborated by T.S.'s educational and medical records. Her educational records contain absolutely no indicia of any difficulties with interaction or social relationships. *See, e.g.*, Tr. 128 (first grade teacher noting no problems in this domain); Tr. 133 (first grade teacher specifying that T.S. "plays well with peers"); Tr. 140 (Individualized Education Program report noting that T.S. "is polite and well mannered in all settings"); Tr. 152-53 (first grade teacher describing classroom behavior as "very co-operative and eager to please" and "gets along well with other children with occasional disagreements (age appropriate)"); Tr. 186 (second grade teacher noting that T.S. "is a positive influence for others" and stating "it has

been a pleasure having [T.S.] in my second grade class"); Tr. 321 (note from social worker that "school reports that she is pleasant and cooperative"). The only indications of any difficulties in this area came from reports from Ms. Smith, which stand in contrast to the reports from all other sources, including T.S.'s grandmother. (Tr. 326-27). At a visit to Dr. Kapoor in May 2009, T.S. was accompanied by her grandmother, who reported "no behavior or academic problems." *Id.* Dr. Kapoor noted that T.S. was "very cooperative," "happy with an appropriate affect," and "there is no evidence of any PTSD or anxiety at this point." *Id.* Other treatment notes indicate T.S.'s regular participation in school and extra-curricular activities including contests, camp, gymnastics, and swim meets. (Tr. 307-314). Given substantial evidence supporting the ALJ's opinion and contradicting Dr. Kapoor's finding of a marked limitation in "Interacting and Relating Well With Others," I cannot find error with respect to the third domain.

Ms. Smith presents a stronger argument that T.S. suffers marked limitation in the second domain, "Attending and Completing Tasks." (Pl. Mem. at 6-7). However, this Court need not address whether the ALJ's opinion regarding the second domain constituted error. Because a determination of functional equivalence requires two domains of marked limitation, even if the ALJ erred in the second domain, no reversible error exists. Instead, any such error would be harmless because, absent any other marked limitation in another domain, the ALJ's finding of "no disability" would stand. *See Shinseki v. Sanders*, 129 S.Ct. 1696, 1706 (2009).

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Ms. Smith's Motion for Summary Judgment. A separate Order shall issue.

                                              Sincerely yours,

                                              /s/

                                              Stephanie A. Gallagher
                                              United States Magistrate Judge